UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL TYRONE HERRING,

    Petitioner,

v.                                             Case No. 4:20cv249-TKW-HTC

M.V. JOSEPH, WARDEN,

    Respondent.
_____/

## ORDER

This habeas case is before the Court on the magistrate judge's Report and Recommendation (R&R) (Doc. 6) and Petitioner's "answer" to the R&R (Doc. 10), which the Court treats as an objection pursuant to Fed. R. Civ. P. 72(b)(2). Based on the Court's de novo review of the issues raised in the objection, the Court agrees with Petitioner that this case should not be dismissed based on his alleged failure to keep the Court apprised of his address because it appears that he has been (and still is) at the same institution throughout this case.[1] However, the Court agrees with the

---

[1] The address provided for Petitioner in the body of the petition is what appears to be the correct street address for the Federal Prison Camp-Pensacola, *see* Doc. 1, at 2, but the return address on the envelope in which the petition was mailed to the Court contains a P.O. Box address for the institution, *id.* at 13. It is understandable why the Clerk initially used the street address rather than the P.O. Box address as Petitioner's address of record; however, because Petitioner has been in the same institution throughout this case and because the Court had the P.O. Box address for that institution from the outset of the case (and Petitioner appears to have received all the Orders sent to that address), the Court sees no reason to dismiss this case simply because the Post Office

ultimate disposition recommended by the magistrate judge—i.e., that the petition be dismissed.

The Court has not overlooked Petitioner's argument that he has now exhausted his administrative remedies; however, even if that is correct (and it is not clear that it is[2]), the petition is still due to be dismissed because, as explained in the R&R, Petitioner has no current right to the relief requested in the petition since the Bureau of Prisons (BOP) has until January 2022 to implement the provisions of the First Step Act on which the petition is based.  Nor has the Court overlooked Petitioner's reference to the CARES Act, *see* Doc. 10, 4-5; however, putting aside the fact that Petitioner did not mention the CARES Act in his petition or his administrative appeals, that Act authorizes BOP (not the Court) to release an inmate to home confinement sooner than he would otherwise be eligible, and BOP is in a

---

(arguably incorrectly) returned the one Order mailed to the institution's street address as undeliverable.  *See* Doc. 5.

[2] The exhibits attached to Petitioner's "answer" include the BP-11 appeal that he mailed to the General Counsel on April 28, 2020.  The General Counsel has 40 days from receipt of the appeal to respond, but that period can be extended by 20 additional days upon written notice to the inmate.  *See* 28 C.F.R. §542.18.  Here, if the period was not extended, the fact that Petitioner had allegedly not received a response by June 28, 2020, when he mailed the "answer" to the Court (*see* Doc. 10, at 23) would mean that Petitioner had exhausted his administrative remedies.  *See* 28 C.F.R. §542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").  If, however, the period was extended, then the fact that Petitioner had not received a response by June 28, 2020, would not necessarily establish that he exhausted his administrative remedies because that date is likely less than 60 days after the General Counsel received the BP-11 appeal.

better position than the Court to determine in the first instance whether a specific inmate should released sooner based on the conditions at the inmate's institution.

Accordingly, it is **ORDERED** that

1. Petitioner's objections to the R&R are overruled and the R&R is adopted and incorporated by reference in this Order, except as stated above.

2. Petitioner's §2241 habeas petition (Doc. 1) is **DISMISSED**.

3. The Clerk shall close the file.

**DONE and ORDERED** this 6th day of July, 2020.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**